**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DENNIS LYNN LARAMORE,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)　　　　No. 1:21-CV-13 SPM
　　　　　　　　　　　　　　　　　　　)
BILL STANGE,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the Court on the Requests to File Supplemental Exhibits Out of Time with Leave of Court filed by Missouri state prisoner Dennis Lynn Laramore ("Petitioner") in this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 10, 11). Respondent filed a response in opposition. (Doc. 13). Petitioner filed a Reply. (Doc. 14). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 7). For the following reasons, the motion will be denied without prejudice.

Petitioner is a Missouri state prisoner who is currently serving a twenty-year sentence for unlawful possession of a firearm. Petitioner, acting *pro se*, has filed a habeas petition asserting five grounds for relief: two due process violations, one claim that his protection against Double Jeopardy was violated, one claim of ineffective assistance of appellate counsel, and one claim for denial of his right to a fair and impartial jury.

In the first motion, Petitioner seeks leave to file the following: a picture of what Petitioner alleges is a 9mm pistol gun; a copy of Missouri Revised Statute § 571.010 definitions; and a copy of the Amended Felony Information from Petitioner's state court case. (Doc. 10). In his second motion, Petitioner seeks leave to file a copy of a motion from the prosecuting attorney of

Petitioner's state case titled, "Motion for Petitioner to Designate an Individual to Receive and Possess His .12 Gauge Shotgun." (Doc. 11 at Ex. 1). Respondent contends that Petitioner has failed to show the relevance of the proposed exhibits and how they support the grounds for the Petition.

Upon review of the two motions, it is unclear to the Court whether, or how, any of the proposed exhibits are relevant to any of the claims set forth in his Petition. Petitioner fails to inform the Court of the relevancy of the proposed exhibits, and it is not obvious. Additionally, as to several of the proposed exhibits, it is not clear to the Court whether they were part of the state court record or whether Petitioner seeks to expand the record before this Court.[1]

If the exhibits were not part of the state court record, Petitioner would need to satisfy the requirements of Rule 7 of the Rules Governing § 2254 cases. Normally, in order to introduce evidence and expand the record pursuant to Rule 7, a petitioner must meet the requirements of 28 U.S.C. § 2254(e)(2). *See Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citations omitted). Under § 2254(e)(2), "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Id.* (quoting *Cox v. Berger*, 398 F.3d 1025, 1030 (8th Cir. 2005)). A § 2254 petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Although 28 U.S.C. § 2254(e)(2) is directed to evidentiary hearings in habeas proceedings, courts have applied the same analysis to requests to take discovery and expand the record. *See Mark*, 498 F.3d at 778. "Federal courts may

---

[1]	One proposed exhibit, the Amended Felony Information (Doc. 10-1; "Petitioner's Exhibit 3"), was included in Respondent's Response to Order to Show Cause (Doc. 8), so Petitioner need not request the Court to include this document as it is already part of the docket.

conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state court's factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002). *See also Pinholster*, 563 U.S. at 181 (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Petitioner makes no attempt to establish whether the above requirements are satisfied.

Based on the foregoing, the Court will deny Petitioner's motions without prejudice. If Petitioner chooses to refile the motions, he should clearly state whether each proposed exhibit was part of the state-court record or is a new piece of evidence that would expand the state-court record. He should also state which claim(s) of the Petition each exhibit is relevant to and how each exhibit might support the claim. Finally, for any exhibit that was not part of the state-court record, Petitioner should explain how the requirements of Rule 7 and § 2254(e)(2) are satisfied or should provide some other legal basis for expanding the record.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Dennis Laramore's Requests to File Supplemental Exhibits Out of Time with Leave of Court (Docs. 10, 11) are **DENIED**, without prejudice subject to refiling at a later date in accordance with this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of September, 2022.