**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS LYNN LARAMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-00013 SPM |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Request to File Supplemental Exhibits Out of Time. (Doc. 16). Respondent has filed an opposition. (Doc. 18). For the following reasons, the motion will be denied.

**I.  BACKGROUND**

Petitioner is a Missouri state prisoner who is currently serving a twenty-year sentence for unlawful possession of a firearm pursuant to a 2017 conviction. In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner raises five grounds for habeas relief: (1) that the trial court did not permit him to proceed *pro se* at his trial; (2) that the trial court violated his protection against double jeopardy when he was convicted of seven separate counts of possession of a firearm; (3) that the state did not present sufficient evidence at trial to prove his guilt beyond a reasonable doubt; (4) that his appellate counsel was ineffective in not briefing the issue of whether a docket sheet could be used as evidence to show that Petitioner was a prior and persistent offender; and (5) that Petitioner was denied a fair and impartial jury because three venirepersons demonstrated bias against him during voir dire. In his response to the petition, Respondent argues that all five grounds for relief should be denied, because Grounds 1, 2, and 5 have been

1

procedurally defaulted and Grounds 3 and 4 were reasonably adjudicated on the merits in state court.

After the response was filed, Petitioner filed two Requests to File Supplemental Exhibits Out of Time with Leave of Court, asking the Court to supplement the record with various exhibits. The Court denied those requests without prejudice, finding that Petitioner had not shown how they were relevant to any of the claims in the petition and that Petitioner had not set forth any facts or arguments from which the Court could determine whether expansion of the record was permissible under the relevant legal requirements. The Court instructed Petitioner that if he chose to refile the motions, he "should clearly state whether each proposed exhibit was part of the state-court record or is a new piece of evidence that would expand the state-court record"; should "state which claim(s) of the Petition each exhibit is relevant to and how each exhibit might support the claim," and "for any exhibit that was not part of the state-court record, Petitioner should explain how the requirements of Rule 7 and § 2254(e)(2) are satisfied or should provide some other legal basis for expanding the record." (Doc. 15).

In the instant motion, Petitioner again asks the Court for leave to file several exhibits out of time:[1] (1) a motion filed on November 5, 2021, in a 2019 civil case filed by Petitioner in the Circuit Court of Washington County, Missouri (No. 19WA-CC00331-01), in which the prosecuting attorney sought to have a firearm released to a person designated by Petitioner, *see* Doc. 16, at p. 1, & Doc. 11-1; (2) pages 59 and 60 of what appears to be the trial transcript in that civil case, in which Petitioner's trial counsel testified that it is not illegal to own guns, *see* Doc.

---

[1] Petitioner also includes with his motion a page of the trial transcript in the criminal case that forms the basis of his habeas petition. *See* Doc. 16-1, at p. 5. It is unclear whether Petitioner is asking the Court to expand the record to include this testimony. To the extent that he is doing so, the Court will deny that request as moot because this portion of the trial transcript is already part of the record. *See* Resp't Ex. A, Doc. 8-1, at pp. 30-31.

2

16-1; (3) a page containing four photographs of a 1921 Astra Pistol, *see* Doc. 16, at p. 2, & Doc. 10-1, at p. 1; and (4) a copy of part of Mo. Rev. Stat. § 510.010 (defining antique, curio, and relic firearms), *see* Doc. 16, at p. 3, & Doc. 10-1, at p. 2.

## II.    LEGAL STANDARDS

The Court construes Petitioner's motion as a motion to expand the record. "Federal courts may . . . supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Under Rule 7 of the Rules Governing Section 2254 Cases, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." The purpose of Rule 7 is "to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." Rule 7, Advisory Comm. Notes, 1976 adoption. A district court's decision regarding whether to expand the record under Rule 7 is reviewed for an abuse of discretion. *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007).

"When a petitioner seeks to introduce new [evidence] never presented in state court, for the purpose of establishing the factual predicate of a claim, he must either demonstrate diligence in developing the factual basis in state court or satisfy the requirements of § 2254(e)(2)(A) and (B)." *Worthington v. Roper*, No. 4:05-CV-1102 CAS, 2008 WL 2977348, at *2 (E.D. Mo. July 29, 2008). *See also Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (witness statement could be the subject of an evidentiary hearing only if the petitioner "was not at fault in failing to develop that

3

evidence in state court or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met"). Although the text of § 2254(e)(2) is directed to evidentiary hearings in habeas proceedings, courts have applied § 2254(e)(2) to requests to expand the record. *See Mark*, 498 F.3d at 778 ("When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met.").

Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

### III.  DISCUSSION

The Court will consider in turn each document Petitioner asks to add to the record.

#### A. Motion Filed in Civil Case No. 19WA-CC00331-01

The first document Petitioner wants to add to the record is a motion filed on November 5, 2021 ("Motion for Petitioner to Designate an Individual to Receive and Possess His 12 Gauge Shotgun"), in a 2019 civil case filed by Petitioner in the Circuit Court of Washington County, Missouri (No. 19WA-CC00331-01). In the motion, the Washington County prosecuting attorney states that a particular 12-gauge shotgun cannot be released to Petitioner because he is incarcerated, states that the Washington County Sheriff will release the shotgun to a person designated by Petitioner, and requests that Petitioner be ordered to designate an individual to receive and possess the shotgun. Petitioner suggests that there is some inconsistency between the state's position in

4

this 2021 motion that the firearm should be returned to a person designated by Petitioner, and the state's position at trial that Petitioner illegally constructively possessed the firearm for purposes of the charges against him.

Petitioner does not explain how this exhibit is relevant to any of the grounds for relief in his petition, nor is it apparent to the Court. To the extent that he is arguing that the exhibit is relevant to his claim in Ground Three that there was insufficient evidence for a jury to convict him of unlawful possession of a firearm, that argument fails. A claim based on insufficient evidence requires a finding that "upon the record evidence adduced *at the trial* no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (emphasis added). This document was not created until 2021 and was not in existence at the time of Petitioner's 2017 trial. The Court finds no other claim to which this evidence might be relevant and thus finds no reason to expand the record to include it. *See, e.g., Sanders v. Cruickshank*, No. 4:17CV3020, 2017 WL 4179983, at *3 (D. Neb. Sept. 20, 2017) (denying motion to expand the record where "Petitioner has not provided any specific indication as to why the documents he seeks to add to this case are relevant or should be considered by the court").

Petitioner also makes no attempt to show either that he was diligent in attempting to develop the facts underlying Ground Three, such that § 2254(e)(2) does not apply, or that he satisfied the requirements of § 2254(e)(2). This evidence does not even seem relevant to Petitioner's guilt or innocence; it certainly does not "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* Thus, the Court will deny the motion with respect to this evidence.

### B.  Trial Transcript Pages From Civil Case No. 19WA-CC00331-01

Second, Petitioner asks the Court to include in the record pages 59 and 60 of a transcript of the civil case from the Washington County Circuit Court in Case No. 19WA-CC00331-01. *See* Doc. 16-1, at 1-2. Petitioner argues that this portion of the trial transcript shows that Petitioner's trial counsel informed him and the court that it was not illegal to own guns; that had Petitioner not received this false information, he would have pled guilty; and that his appellate counsel was ineffective in not arguing this point on appeal. Again, it is unclear how this exhibit could be relevant to any of the five claims asserted in the petition. Although Petitioner does assert in Ground Four an ineffective assistance of appellate counsel claim, that claim concerns the issue of whether a docket sheet could be used as evidence to show that Petitioner was a prior and persistent offender, and it is unrelated to any advice Petitioner's trial counsel gave him regarding the legality of gun ownership. The Court finds no other claim to which this evidence might be relevant and thus finds no reason to expand the record to include it.

Even if this evidence were relevant to any claim before the Court (for example, because Petitioner had alleged ineffective assistance of appellate counsel based on a failure to raise the issue of trial counsel's advice regarding the legality of gun ownership), Petitioner has made no attempt to show either that he was diligent in attempting to develop the facts underlying this claim, such that § 2254(e)(2) does not apply, or that he satisfied the requirements of § 2254(e)(2). Petitioner's position appears to be that this document shows that his trial counsel told him it was not illegal to own guns and Petitioner relied on that advice in going to trial. But Petitioner would have been aware of that advice at the time of his trial, appeal, and post-conviction proceedings, and he offers nothing to suggest that he was not at fault for not developing that evidence during his state-court proceedings. Thus, § 2254(e)(2) applies, and there is nothing to indicate that this

6

evidence is relevant to a claim involving a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence, nor is there anything to indicate that this evidence would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Thus, the Court will deny the motion with respect to this evidence.

### C.  Photographs of 1921 Astra Pistol

Third, Petitioner seeks to expand the record to include a set of four photographs of a 1921 Astra Pistol. Petitioner argues that the photographs are of a firearm that was 96 years old and not capable of firing at the time of the conduct underlying his conviction, and thus that he is actually innocent of Count VIII of the Amended Information. He states that his appellate counsel was ineffective in not raising this issue, and that Petitioner became aware of this issue upon receiving discovery in the civil case. There is nothing in these photographs that makes it apparent to the Court what type of gun is in the photographs, how old it is, or whether it is capable of firing.

Again, it is unclear how the proposed exhibit would be relevant to any of the claims asserted in the petition. Although Petitioner does assert in Ground Four an ineffective assistance of appellate counsel claim, that claim is not related to any failure to make arguments regarding the age of the gun or whether it was capable of firing. Thus, the Court finds no basis for expanding the record to include this exhibit.

Even if this evidence were relevant to any claim before the Court (for example, because Petitioner had alleged ineffective assistance of appellate counsel based on a failure to raise the issue of this gun being 96 years old and incapable of firing), Petitioner has made no attempt to show either that he was diligent in attempting to develop the facts underlying this claim, such that § 2254(e)(2) does not apply, or that he satisfied the requirements of § 2254(e)(2). Although

Petitioner states that he became aware of this issue upon receiving discovery in the civil case, a review of the record shows that the model number of the gun (a black Astra 9 mm model 1921, SN22762) was stated in the Amended Felony Information dated May 29, 2015, *see* Resp't Ex. B, Doc. 8-2, at 51-53, and that a photograph of an Astra 9 mm was introduced at trial and published to the jury, *see* Resp't Ex. A, Doc. 8-1, at 146-47. Thus, it is unclear what new factual information, if any, Petitioner learned during the civil case that was not available to him during his trial, appeal, and post-conviction proceedings. To the contrary, it appears that Petitioner could have and should have been aware of this potential issue had he exercised due diligence in the state court proceedings. Thus, § 2254(e)(2) applies, and there is nothing to indicate that this evidence is relevant to a claim involving a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence, nor is there anything to indicate that this evidence (photographs that do not show the age or condition of the firearm) would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Thus, the Court will deny the motion with respect to this evidence.

### D.     Definitions from Mo. Rev. Stat. § 571.010

Finally, Petitioner asks the Court to include a copy of certain definitions from Mo. Rev. Stat. § 571.010 that define antique, curio, or relic firearms. As a preliminary matter, it is unclear that statutory definitions are among the materials that may be submitted under Rule 7. See Rule 7(b) of the Rules Governing Section 2254 Cases ("The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record."). Petitioner is free to include arguments based on statutes in his briefing, without

8

expanding the record. Even if it were appropriate to supplement the record with statutory definitions, Petitioner has not shown how these statutes are relevant to any of his claims. Like the photographs of the firearm, these statutory definitions do not appear to be relevant to any claims that have been asserted, but only to a hypothetical claim that has not been asserted—that Petitioner's appellate counsel was ineffective for not arguing that Petitioner should not have been convicted based on Petitioner's possession of a gun that was old or incapable of firing. Thus, the Court finds no basis for expanding the record to include this exhibit.

### IV. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Petitioner's Request to File Supplemental Exhibits Out of Time (Doc. 16) is **DENIED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of September, 2023.