UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DENNIS LYNN LARAMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-00013 SPM |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Dennis Lynn Laramore ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.A. § 636(c)(1) (Doc. 1). Petitioner filed a motion requesting an evidentiary hearing and appointment of counsel (Doc. 19) and a Memorandum to Clerk re: Court's Mistake as to Doc. 21, Memorandum & Order (Doc. 22). For the following reasons, the petition will be dismissed and Petitioner's subsequent motions will be denied.

**I. BACKGROUND**

Petitioner is a Missouri state prisoner currently serving a twenty-year sentence for unlawful possession of a firearm pursuant to a 2017 conviction. In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner raised five grounds for habeas relief: (1) that the trial court did not permit him to proceed *pro se* at his trial; (2) that the trial court violated his protection against double jeopardy when he was convicted of eight separate counts of possession of a firearm; (3) that the state did not present sufficient evidence at trial to prove his guilt beyond a reasonable doubt; (4) that his appellate counsel was ineffective in not briefing the

issue of whether a docket sheet could be used as evidence to show that Petitioner was a prior and persistent offender; and (5) that Petitioner was denied a fair and impartial jury because three venirepersons demonstrated bias against him during voir dire (Doc. 1). Respondent argued that all five grounds for relief should be denied, because Grounds 1, 2, and 5 have been procedurally defaulted and Grounds 3 and 4 were reasonably adjudicated on the merits in state court (Doc. 8).

After the response was filed, Petitioner filed two Motions to File Supplemental Exhibits Out of Time with Leave of Court, asking the Court to supplement the record with various exhibits (Doc. 10, 11). The Court denied those requests, without prejudice, finding that Petitioner had not shown how they were relevant to any of the claims in the petition and that Petitioner had not set forth any facts or arguments from which the Court could determine whether expansion of the record was permissible under the relevant legal requirements (Doc. 15). Petitioner refiled the Requests to File Supplemental Exhibits Out of Time with Leave of Court, again asking the Court to supplement the record with various exhibits (Doc. 16). The Court denied Petitioner's motion, with prejudice (Doc. 21). Petitioner then filed a Motion Requesting an Evidentiary Hearing and Appointment of Counsel (Doc. 19), and a Memorandum to Clerk re: Court's Mistake as to Doc. 21 Memorandum & Order (Doc. 22).

## II.   LEGAL STANDARDS

### A.   LEGAL STANDARD FOR REVIEWING CLAIMS ON THE MERITS

An individual in custody under the judgment and sentence of a state court may seek habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(a), "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for

ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316, (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted);

3

*see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### B.  LEGAL STANDARD FOR PROCEDURALLY DEFAULTED CLAIMS

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *accord Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

4

### III. DISCUSSION

#### A. SIXTH AMENDMENT RIGHT TO SELF-REPRESENTATION:

Petitioner argues that the trial court denied his Sixth Amendment right to self-representation. He contends that because the trial court failed to timely consider his motion to proceed pro se, Petitioner was forced to proceed with counsel and "partly [p]ro-se, denying Laramore the right call witnesses, be present at all court proceedings, and didn't request Laramore sign a written waiver." (Doc. 1, p.5). Respondent argues that because Petitioner did not object to standby counsel at trial, he procedurally defaulted this claim (Doc. 8, p.3). Alternatively, Respondent argues that Petitioner's claim fails on the merits. *Id.* The Court agrees with Respondent.

Petitioner not only failed to object to standby counsel at trial, he advocated for it. Though Ground I is procedurally defaulted, it also fails on the merits. The Sixth Amendment guarantees a defendant's right to have the assistance of counsel for his defense. U.S. Const. Amend. VI. The Supreme Court has also found the Sixth Amendment implies a right of self-representation. *Faretta v. California*, 422 U.S. 806, 821 (1975). In order to conduct his or her own defense, a defendant must knowingly and willingly forego the benefits of counsel. *Id.* at 835. "A defendant who wishes to waive his right to counsel, and thereby to proceed *pro se*, must do so clearly and unequivocally." *U.S. v. Webster*, 84 F.3d 1056, 1062 (8th Cir. 1996). "While it has been recognized that the State may appoint standby counsel, such a determination is discretionary and not a constitutional requirement." *Moore v. Sachse*, 421 F.Supp.2d 1209, 1218 (E.D. Mo. 2006) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

Before trial, Petitioner filed a Motion to Proceed *Pro Se* (Doc. 8-6 Deft. Exh. E, p.2). The morning of the trial, the judge asked Petitioner if he still wished to proceed *pro se* (Doc. 8-1

5

Deft. Exh. A, p.21). Petitioner responded "Yes, ma'am." *Id.* After an extended conversation about the relevance of a witness proposed by Petitioner, the trial judge stated the following:

> "… [n]ow we're having a trial today. I don't recommend that you represent yourself. I mean, I suppose, I mean, that's your right if you want to. But you – I don't think that would be a very good idea. I think that Mr. Rennick is prepared to defend you today. He's a lawyer. He knows how to conduct himself in jury trials. He knows how to conduct jury selection. He knows how to cross-examine witnesses. I don't want to recommend that you represent yourself today. But we're having a trial today. Do you understand all that?"

*Id.* at 25-26. Petitioner responded, "[y]es ma'am. *Id.* at 26. The court continued it's inquiry:

> THE COURT: Okay. Now, do you want to go forward with Mr. Rennick representing you?
>
> THE DEFENDANT: Well, Your Honor, I would like to cross-examine the witnesses. And, Mr. Rennick, if you want to appoint him standby counsel, then, because there's some very key issues that will exonerate me, and I'm the only one that knows the questions to ask.
>
> THE COURT: … However, that is your right. I have to let you. That is -- that is your right. But like I said, I'm not completely sure that I agree with your decision, but I guess it doesn't matter if I agree with your decision. That is your right. So, are you requesting then I allow you to proceed pro se and that I keep Mr. Rennick here as standby counsel to assist you with matters such as jury selection, opening statements?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Does anybody have a problem with that? I think that's his right.
>
> …
>
> THE COURT: What exactly are you wanting to do as far as conducting your trial?
>
> THE DEFENDANT: Well, Your Honor, all I need to do is cross-examine the witnesses. I don't need to do opening statement. I mean, I done jury trials before and Lisa Crane has done this. I mean . . .
>
> …
>
> THE COURT: Okay. That means Mr. Rennick, as far as I can tell, is going to do everything else. He's going to do the voir dire, the opening statement, closing argument. I'm going to let you do that. But he's not going to cross-examine witnesses, if what you're saying is you want to represent yourself for the purpose of cross-examining. … Do you understand?
>
> THE DEFENDANT: Yes, ma'am.

>THE COURT: Are you sure that's what you want to do?
>
>THE DEFENDANT: Yes, ma'am. And there's one other issue –

*Id.* at 26-29.

The Missouri Court of Appeals found that the trial judge clearly "asked [Petitioner] if he was aware of what he was requesting, reviewed with him what penalties existed if he was convicted, and asked [Petitioner] if he knew what rights he was waiving by seeking to proceed *pro se* (Doc. 8-6 Deft. Exh. E, p.5). As the transcript showed, Petitioner agreed not to proceed *pro se* and facilitated the parameters to proceed with trial counsel on standby. *Id.*

On appeal, Petitioner argued that because his *pro se* motion was not reviewed until the day of trial, he was denied the opportunity and time to determine how to proceed with his case. The appellate court rejected this argument, stating Petitioner affirmatively agreed to the use of standby counsel at trial. *Id.* at 6. Lastly, Petitioner argued that hybrid representation with a public defender ran afoul of Missouri Code of Regulations, 18 CSR 10-2.010. *Id.* The appellate court determined that Petitioner lacked standing to challenge the regulation. *Id.*

After a review of the record, the Court finds that the appellate court did not err. Though Petitioner filed a *pro se* motion and renewed his request to proceed *pro se* at trial, the record clearly shows that he rescinded that request when he asked for trial counsel to proceed on standby. Trial counsel conducted voir dire, the opening statement, and the closing argument. Petitioner cross-examined witnesses. Petitioner affirmatively agreed to and did not object to this arrangement. As such, Petitioner's subsequent conduct demonstrated his desire to abandon his request to proceed *pro se*. *See Bilauski v. Steele*, 754 F.3d 519, 523 (8th Cir. 2014) (citing *Batchelor v. Cain*, 682 F.3d 400, 406 (5th Cir.2012) ("Even if defendant requests to represent himself, ... the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." (omission in original) (quoting

*Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir.1982)). The appellate court correctly determined Petitioner was not denied his Sixth Amendment right to self-representation. Therefore, Ground I fails.

### B. DOUBLE JEOPARDY

Petitioner's second argument is that his eight-count conviction for possession of a firearm violated the Double Jeopardy Clause of the Fifth Amendment (Doc. 1, p.6). Respondent argues that Petitioner defaulted this claim because he did not make this objection before the trial court, or, in the alterative, the claim is meritless (Doc. 8, p.9). The Court agrees that Petitioner's double jeopardy claim was defaulted. By Petitioner's own admission, trial counsel refused to raise the double jeopardy objection at trial (Doc. 1, p.6). Although the Missouri Court of Appeals reviewed Petitioner's double jeopardy claim for plain error (Doc. 8-6), their review does not excuse Petitioner's procedural default. (*See Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015) ("Because the state court's discretionary plain-error review of Clark's unpreserved claims cannot excuse his procedural default, we affirm the judgment of the district court."). The Court can consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Luebbers*, 446 F.3d at 896 (8th Cir. 2006) (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). Petitioner's assertion that trial counsel refused to raise a double jeopardy objection at trial also does not excuse the default. "In order for deficient trial work to constitute the kind of 'cause' that would excuse a procedural bar ... petitioner [also] must have independently presented this ineffective assistance claim to the state court for adjudication." *See Clemons v. Luebbers*, 381 F.3d 744, 752 (8th Cir.2004). After a review of the record, the Court was unable to find any filings where Petitioner alleged that trial counsel was ineffective for failing to make

an objection based on double jeopardy. Petitioner has not offered any other argument for why there is cause for the default or actual prejudice from the default, nor has Petitioner argued that the default would result in a fundamental miscarriage of justice.

Even if Petitioner's argument was not procedurally defaulted, it fails on the merits. The Fifth Amendment's Double Jeopardy Clause protects a criminal defendant against cumulative punishment. *See Dodge v. Robinson*, 625 F.3d 1014, 1017 (8th Cir. 2010). "'With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). "Where [the legislature] intend[s] ... to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Id.* (citing *Albernaz v. U.S.*, 450 U.S. 333, 344 (1981). For cumulative punishment involving state law, whether the legislature authorizes such punishment is a question of state law. *Id.* "The Supreme Court repeatedly has held, in the double-jeopardy context, that whether a state legislature intends cumulative punishment for two offenses is an issue of state law, over which state courts have final authority." *Id.* Thus, this Court is bound by the Missouri court's construction of Missouri state statutes.

The Missouri Court of Appeals analyzed Mo. Ann. Stat. § 571.070. and concluded that the legislature intended for the charge to be for each firearm found on the individual. (Doc. 8-6 Deft. Exh. E, p.11). In reading the statute, the appellate court concluded that there were no statutory definitions provided in the statute "that indicate[d] whether 'any firearm' means a singular weapon or if several weapons fall into the category of 'any firearm.'" *Id.* at 10. After reviewing state jurisprudence that interpreted the word "any" in other context, the court reasoned:

9

> The language of the statute also indicates that the legislature intended the charge to be for each firearm found on the individual. The statute says, "unlawful possession of a firearm." Section 571.070 (emphasis added). When interpreting the meaning of a statute, the court must give meaning to every word or phrase of the statute. *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc. 2010). The phrasing of the statute seems to indicate that the legislature intended to punish for each singular weapon on its own. "A firearm" indicates singularity in its most simple and plain meaning.

*Id.* at 11. The appellate court concluded that the state legislature intended to cumulatively punish a defendant for each firearm possessed. *Id.* Petitioner argued that the "rule of lenity" applied because of the ambiguity of the statute. The appellate court rejected this argument, finding the "rule of lenity" does not apply because of the two-fold intent of the statute: to prevent former convicted persons from possessing firearms and to protect the public. *Id.* Based on the record, the Missouri Court of Appeal's reasoning was not contrary to, nor an unreasonable application of, clearly established Federal law. Therefore, Ground II fails.

### C. Guilty Verdict

Petitioner's third argument is that the State failed to prove his guilt beyond a reasonable doubt (Doc. 1, p. 8). In reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord Parker v. Matthews*, 532 U.S. 37, 43 (2012); *Cavazos v. Smith*, 565 U.S. 1, 7 (2011). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. State law determines the specific elements of the crimes. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). The Courts scope of review is very limited. The Court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state" and "must defer to that resolution." *Whitehead v. Dormire*, 340

F.3d 532, 536 (8th Cir. 2003) (quotation marks omitted). Furthermore, "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas review unless the decision was objectively unreasonable." *Parker*, 532 U.S. at 43 (quotation marks omitted).

Petitioner contends that "the evidence presented at trial did not prove [he] had possession of the firearms at LaDonna Kay's[1] house on January 7, 2015, [sic] the guns were stored at Kay's house [sic] [Petitioner] never went to Kay's to possess the guns as defense counsel pointed out 'it is not illegal to own guns but to possess guns' [sic] therefore the state failed to prove that [Petitioner] possessed the guns at Kay's house on or about the 7th day of January 2017." [sic] (Doc. 1, p.8). Respondent states that there is sufficient evidence to sustain the jury's guilty verdict (Doc. 8, p.18).

After citing the applicable standard of review and analyzing the definition of "possession" in RSMo § 556.061(38), the Missouri Court of Appeals found there was sufficient evidence to support a verdict that Petitioner was in possession of firearms at his sister's home (Doc. 8-6 Deft. Exh. E, p.7-9). The Court agrees. Petitioner's girlfriend testified that he brought the firearms into her residence in late 2014. *Id.* at 7. By having possession over the weapons at the time, even if for a short period, Petitioner actively possessed the firearms. *Id.* Though Petitioner removed the weapons to his sister's residence, he still had constructive possession over the weapons because 1) Petitioner took the firearms to his sister's residence; and 2) Petitioner moved the guns into a closet in a room multiple witnesses testified was Petitioner's room in the home. *Id.* at 8. Petitioner also kept a detailed list of the weapons he stored at his sister's residence. *Id.* Finally, Petitioner testified that he possessed the guns through a police informant scheme. (Doc. 8-1, Deft. Exh. A, p.199, 212). Based on the record, it was reasonable for the jury

---

[1] LaDonna Kay is Petitioner's sister.

to find that Petitioner was in possession of the firearms at his sister's house. Therefore, Ground III fails.

### D. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner's fourth argument is that he received ineffective assistance of counsel because appellate counsel did not object to the trial court's finding that he was a persistent offender. (Doc. 8-10 Deft. Exh. I, p.8). To succeed on a claim of ineffective assistance of counsel, Petitioner must show that 1) counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation; and 2) Petitioner was prejudiced by counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Appellate counsel is expected to address the issues on appeal that highlight the most meritorious claims and eliminate the sure losers. *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997); *Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir.1994); *see also Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir.1996) ("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal.").

Petitioner argued that an unsigned judgment could not support the trial court's finding that he was a prior and persistent felony offender. (Doc. 8-10 Deft. Exh. I, p.9). He stated that an unsigned judgment of conviction is insufficient proof of conviction absent a judge's signature, and cited Fed. R. Civ. P. 74.01(a) which states, "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." (Doc. 8-10 Deft. Exh. I, p.9). Petitioner acknowledged that Rule 74.01(a) is a rule of civil procedure but contends that since criminal liability generally requires a higher burden of proof, it is axiomatic that a judge's

signature is required on a judgment of conviction. The Missouri Court of Appeals found that Petitioner never asserted that his prior conviction was improperly authenticated nor did Petitioner cite any case supporting his proposition on unsigned criminal judgments. In fact, the appellate court cited state jurisprudence holding the opposite. *Id.*

Considering appellate counsel's perspective at the time, the Missouri Court of Appeals found that "[a]t the time of [Petitioner's] direct appeal, there was no caselaw clearly holding a judgment imposing criminal liability is invalid unless signed by a judge." *Id.* at 10. Applying the *Strickland* test, the court held that "[a]ppellate [c]ounsel's performance cannot be deficient in failing to make [P]etitioner's proffered argument because counsel ha[d] no duty to raise a novel argument, even if [t]rial [c]ounsel preserved the error." *Id.* Based on the record before the Court, Petitioner has failed to demonstrate that he received ineffective assistance of appellate counsel. Thus, Ground IV fails.

### E.  PROCEDURALLY DEFAULTED CLAIM: FAIR AND IMPARTIAL JURY

Petitioner's final argument is that he was denied a fair and impartial jury because venirepersons Harris, Charboneau, and Franklin showed prejudice towards him (Doc. 1, p.10). In his post-conviction appeal, Petitioner argued that he received ineffective assistance of counsel because trial counsel failed to seek a mistrial after venireperson Harris said he know Petitioner from a wanted poster he saw at work years prior. Respondent contends that Petitioner's claim is procedurally defaulted because Petitioner did not include these claims in a motion for a new trial or on direct appeal (Doc. 8, p.20). The Court agrees that Petitioner failed to preserve Ground V. In his post-conviction appeal, Petitioner argued that he received ineffective assistance of counsel because trial counsel failed to seek a mistrial. (Doc. 1-1, p.85-88). However, for the first time on federal habeas review, Petitioner asserts that he was denied a fair and impartial jury, a claim he

13

did not properly preserve for review at the state level. Petitioner presents no argument to excuse the default, and the record contains no indication that he can show the requisite prejudice to overcome a procedural bar, or that he is actually innocent. *See Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (because Petitioner failed to establish cause to excuse his procedural default, the district court need not consider whether prejudice had been shown); *see also Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (where Petitioner failed to present new evidence of actual innocence, the refusal to entertain his procedurally defaulted claims will not result in a fundamental miscarriage of justice). Accordingly, Ground V is procedurally barred from federal habeas review, and will be denied.

### IV.  MOTION FOR AN EVIDENTIARY HEARING & APPOINTMENT OF COUNSEL

Also before the Court is Petitioner's Motion for an Evidentiary Hearing and Appointment of Counsel (Doc. 19). Petitioner states that he "is suffering from long COVID … and has a hard time carrying on a conversation, much less arguing petitioner's case in a court of law." *Id.* Generally, the decision about whether to conduct an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007). It is well established that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. Petitioner has not articulated a basis for requesting a hearing and the Court has found Petitioner is not entitled to habeas relief for the above-stated reasons. As such, Petitioner's request for an evidentiary hearing is denied.

Petitioner also requests an appointment of counsel. It is well-settled that there is no recognized constitutional right to appointed counsel in a habeas corpus proceeding. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). However, "[a] district court may appoint counsel for a

habeas petitioner when 'the interests of justice so require.'" *Id.* (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). See also 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28."). If the court decides to hold an evidentiary hearing on the petition, the interests of justice require that counsel be appointed. *Hoggard*, 29 F.3d at 471. See also Rule 8(c) of the Rules Governing § 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. §3006A."). Where no evidentiary hearing is warranted, the appointment of counsel is discretionary. *Hoggard*, 29 F.3d at 469. "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard*, 29 F.3d at 469.

After considering the above standards in conjunction with the claims raised in the petition and the arguments raised in the response, the Court finds that the interests of justice do not require the appointment of counsel at this time. Petitioner has been able to articulate all of his legal arguments. The Court acknowledges Petitioner's argument that he has long COVID and would benefit from an attorney, but considering the record, the Court's review of the filings in this case, and the Court's determination on the petition, appointment of counsel is unnecessary in this matter. As such, Petitioner's request for counsel is denied.

V.  **MEMO IN RE: COURT'S MISTAKE**

On February 26, 2024, Petitioner filed a Memorandum to Clerk of the United States District Court Eastern District Re: Court's Mistake (Doc. 22). In this Memorandum, Petitioner

15

states, "After reading the court's decision dated Sept. 18, 23, the court stated that 'Docket sheets from a civil case stating that Laramore's attorney stated that IT WAS NOT AGAINST THE LAW TO OWN FIREARMS BUT TO POSSESS THEM' . . . ." Petitioner appears to be arguing that this was an erroneous statement by the Court because the statement from Laramore's attorney was actually made in pre-trial proceedings from his trial (not in a civil case), on the morning of his trial, and was the reason Petitioner exercised his right to trial.

The Court has reviewed its Memorandum and Order dated September 18, 2023 (Doc. 21), which addressed a request by Petitioner to file supplemental exhibits out of time. The language quoted by Petitioner does not appear in that Memorandum and Order. However, the Court did discuss a civil case mentioned in Petitioner's exhibits (No. 19WA-CC00331-01) and noted that one of the exhibits submitted by Petitioner was "pages 59 and 60 of what appears to be the trial transcript in that civil case." (Doc. 21, p.2). Those transcript pages include a statement from Petitioner's attorney that "it's not illegal to own guns. It's illegal to possess them." (Doc. 16-1, p.59). Because these transcript pages contained a header with the case number 19WA-CC00331-01, the Court presumed that these transcript pages were from that civil case. However, upon review of Petitioner's Memorandum and the trial transcript that was previously filed by Respondent in the instant case, it is apparent that these transcript pages (with different numbering) are from the pretrial proceedings in Petitioner's criminal case (*See* Doc. 8-1 Resp't Ex. A, p. 9-11).

This error does not affect the Court's September 18, 2023, ruling denying Petitioner's Request to File Supplemental Exhibits Out of Time. Because these transcript pages are already part of the record, there was (and is) no reason to add them through a supplemental exhibit.

**VI.   CONCLUSION**

16

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the Court of Appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Dennis Lynn Laramore's petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED, with prejudice.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

**IT IS FINALLY ORDERED** that Petitioner's Motion for Evidentiary Hearing and Appointment of Counsel (Doc. 19) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 31th day of March, 2024.