UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENNIS LYNN LARAMORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:21-CV-00013-SPM |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on Petitioner's *pro se* Motion for Reconsideration Hearing. (ECF No. 27). On January 25, 2021, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner's habeas petition presented five claims: (1) that the trial court did not permit him to proceed pro se at his trial; (2) that the trial court violated his protection against double jeopardy when he was convicted of eight separate counts of possession of a firearm; (3) that the state did not present sufficient evidence at trial to prove his guilt beyond a reasonable doubt; (4) that his appellate counsel was ineffective in not briefing the issue of whether a docket sheet could be used as evidence to show that Petitioner was a prior and persistent offender; and (5) that Petitioner was denied a fair and impartial jury because three venirepersons demonstrated bias against him during voir dire. (ECF No. 1). The Court denied relief and dismissed the petition on March 31, 2024. *See Laramore v. Stange*, No. 1:21-CV-00013-SPM, 2024 WL 1366794 (E.D. Mo. Mar. 31, 2024). Presently before the Court is Petitioner's Motion for Reconsideration Hearing, which he filed on August 21, 2024. (ECF No. 27). The motion requests a reconsideration hearing or "relief in the original petition." (*Id.*) Respondent has not

filed a response in opposition to the motion, and the time to do so has expired. For the following reasons, Petitioner's motion will be denied.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Typically, federal courts treat such motions as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or 60(b). *Id*. (citing *Spinar v. S. Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986)).  It is unclear from the filing whether Petitioner intends for the request to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders*, 862 F.2d at 164-65, 168-69 (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Rule 59(e) requires that any motion to alter or amend judgment be filed no later than 28 days after entry of the judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment). The Court issued its dismissal judgment on March 31, 2024; therefore, the time for filing under Rule 59(e) expired no later than April 29, 2024. (ECF Nos. 25, 26). The motion currently before the Court is dated August 12, 2024. (ECF No. 27). To the extent Laramore seeks relief under Rule 59(e), the Court denies Petitioner's request as untimely.

The Court accordingly construes the Motion for Reconsideration Hearing as a motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure.[1]  In his motion, Petitioner asserts that: (1) his conviction for eight counts of unlawful possession of a firearm, in violation of Section 571.070, RSMo. 2000, is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc.*

---

[1] "When the moving party fails to specify the rule under which it makes a post judgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess..." *Sanders*, 862 F.2d at 168.

2

*v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*") and subsequent decisions applying *Bruen*;[2] and (2) the prosecutor charged him with additional criminal counts as punishment for proceeding to trial, thereby violating his right to trial under the Sixth Amendment. (ECF No. 27).[3]

## I.   Discussion

The Eighth Circuit has held that when, as in this case, a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file the purported Rule 60(b) motion and conduct a brief initial review to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814. This is because "Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain [limited] circumstances . . . to the extent [doing so] is not inconsistent with [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those

---

[2] Specifically, Laramore cites *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), *cert. granted, judgment vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024), and *United States v. Duarte*, 101 F.4th 657 (9th Cir.), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024).

[3] Laramore attaches exhibits to his motion, including news articles, portions of his trial transcript, and statutory definitions. (ECF Nos. 1-1 and 1-5).  The Court does not construe these exhibits as adding legal arguments beyond those asserted in the motion itself. (ECF No. 1).

proceedings is not specified in a federal statute or the Rules Governing Section 2254 cases). AEDPA imposes three limitations on second and successive habeas petitions:

> First, any claim that has already been in a previous petition must be dismissed. § 2244(b). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or sufficient to meet § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005) (emphasis in original). Thus, a petitioner may not use Rule 60(b) to pursue claims that are tantamount to second and successive habeas petitions if doing so would circumvent the limitations imposed by AEDPA. *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure.").

Applying the foregoing legal principles to the facts of this case, the Court will first assess whether Petitioner's Rule 60(b) motion is, in fact, impermissible second or successive petitions for habeas corpus relief. *See Gonzalez*, 545 U.S. at 530 (Court must first determine if the Rule 60(b) motion filed by a habeas petitioner is a habeas corpus application as that statute uses the term).

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas corpus application, a "claim" is defined as an asserted federal basis for relief from a state court's judgment of conviction *or* an attack on the federal court's previous resolution of the claim on the merits." *Ward*, 577 F.3d at 933. "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive petition under AEDPA." *Id.* "No claim is presented if the motion attacks

4

some defect in the integrity of the federal habeas proceedings." *Id.* "Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error—for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.*

Petitioner raises two grounds for relief: (1) the unconstitutionality of his convictions under *Bruen,* and (2) the violation of his Sixth Amendment rights from the prosecutor's decision to proceed with eight criminal counts at trial when Petitioner declined a plea offer reducing the case to one criminal count. Thus, it would appear that Petitioner's Rule 60(b) motion ultimately seeks to assert claims, as both his arguments assert a federal basis for relief from his state court conviction. Petitioner is not asserting "some defect in the integrity of the federal habeas proceedings," as would be appropriate in a motion for reconsideration. *Gonzalez*, 545 U.S. at 531. For his first argument, he asserts "a purported change in substantive law,"[4] and for the second, "a new ground for relief," both of which are improper for a Rule 60(b) motion. *Id.* at 531-32.

To the extent that Petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the Eight Circuit Court of Appeals before he can assert those claims in this Court. 28 U.S.C. 2244(b)(3)(A). Petitioner has neither sought nor obtained authorization from the Court of Appeals to file a second or successive petition.

Even if the Court did not find that Petitioner's motion constituted a second or successive habeas petition, his Rule 60(b) motion would nonetheless fail. Rule 60(b)(6) allows a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, relief

---

[4] "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive [habeas] petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Gonzalez*, 54 U.S. at 531-32.

5

under this subsection is only available in "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstance will rarely occur in the habeas context." *Id*. To the extent Petitioner argues that the Supreme Court's *Bruen* decision constitutes an "extraordinary circumstance," Petitioner does not assert—nor could he—that the decision has retroactive effect. *See Battles v. United States*, No. 4:23-CV-00063-HEA, 2023 WL 346002, at *1 (E.D. Mo. Jan. 20, 2023) (*Bruen* "did not announce a new rule retroactively available on collateral review. It was a statutory interpretation case, not a substantive constitutional challenge under the Due Process Clause.") (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016)). Nor did the Court's judgment on Petitioner's habeas petition rely on the constitutional principles involved in *Bruen*.

Petitioner makes no other argument as to what "extraordinary circumstances" may be present in his case, and after review of the motion, the Court discerns no such circumstances. As such, Petitioner's Motion for Reconsideration Hearing should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *pro se* Motion for Reconsideration Hearing is **DENIED and DISMISSED for lack of jurisdiction as a second or successive habeas petition**. (ECF No. 27).

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of March, 2025.